UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

___

DANIEL FLORES,

        Plaintiff,

        v.                                    Case No. 24-cv-0866-bhl

WASHINGTON COUNTY JAIL,
CITY OF WEST BEND,
MARTIN SCHULTEIS,
CO HUBER,
CO CAMACHO,
CO TRELTSAL,
CO LUDWIG, and
JOHN AND JANE DOES,

        Defendants.

___

## SCREENING ORDER

___

        Plaintiff Daniel Flores, who is currently serving a state prison sentence at Kettle Moraine Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated while he was incarcerated at the Washington County Jail. This matter comes before the Court on Flores' motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

        Flores has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Flores has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial

partial filing fee of $8.35. Flores' motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Flores, on August 24, 2023 at the Washington County Jail, officers entered his cell and attacked him while he was on suicide watch. Flores explains that CO Camacho kneeled on his neck while Officers Huber, Treltsal, Ludwig, and John Doe Officer #249 removed his boxers and "ripped inmate Flores arms behind his back causing injury to his shoulder." Flores asserts that he can no longer lift his arm above his head. Dkt. No. 1 at 3-4.

Flores also alleges that he went to health services multiple times, but they refused to order an x-ray, MRI, or physical therapy. He concludes that they "didn't give him proper medical attention" because they did not send him to the hospital or order tests. Finally, Flores asserts that he persistently asked for grievance forms, but staff refused to provide them to him, which prevented him from exhausting the administrative remedies. Dkt. No. 1 at 4.

## THE COURT'S ANALYSIS

Because it appears that Flores was a pretrial detainee at the relevant time, his claim must be analyzed under the Fourteenth Amendment's objective reasonableness standard, which "turns on the 'facts and circumstances of each particular case.'" *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). Under an objective reasonableness inquiry, "the question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 397 (citations omitted). Development of the record may reveal that the officer's use of force was reasonable, but at this stage, Flores' allegations that Camacho

3

Case 2:24-cv-00866-BHL    Filed 08/30/24    Page 3 of 9    Document 9

kneeled on his neck while Huber, Treltsal, Ludwig, and a John Doe officer stripped off his boxers and "ripped" his arms behind his back causing significant injury to his shoulder are sufficient for him to proceed on a claim under the Fourteenth Amendment. After Camacho, Huber, Treltsal, and Ludwig respond to the complaint and after the Court enters a scheduling order, Flores may use discovery to learn the John Doe officer's name.

Flores does not, however, state a claim against the John and Jane Doe doctors and nurses based on allegations that they did not properly address his shoulder injury when they failed to order diagnostic tests or physical therapy and did not send him to the hospital. To state a claim, Flores must allege sufficient facts from which the Court can infer that the medical defendants did not take reasonable measures to abate a risk of serious harm to Flores, even though reasonable medical providers would have understood the serious risk of harm he faced. *See Pittman v. Madison Cty., Ill.*, 108 F.4th 561, 572 (7th Cir. 2024). Flores alleges only that he went to the health services unit "multiple times" and eventually told a nurse and doctor that "something was wrong." But these limited allegations regarding his interactions with medical staff do not reasonably suggest that their decisions not to order diagnostic tests or send Flores to the hospital were objectively unreasonable. Flores may have believed that an x-ray, MRI, or hospital visit was necessary, but his mere dissatisfaction or disagreement with a provider's course of treatment is generally insufficient on its own to suggest that the provider's care was inadequate or unreasonable. *See Johnson v. Doughty*, 433 F.3d 1001, 11013 (7th Cir. 2006). Without factual allegations about what Flores communicated to medical staff about his injury, how frequently he communicated with medical staff, and how medical staff responded over time, his unsupported conclusion that medical staff improperly addressed his injury fails to state a claim. *See Ashcroft*,

4

556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")

Flores also fails to state a claim against the John Doe officers who allegedly refused to provide him with grievance forms, thereby making it impossible for him to exhaust the administrative remedies. As the Seventh Circuit has explained, the Prison Litigation Reform Act does not require the creation of a grievance procedure for inmates, but if one is created and an inmate is prevented from utilizing it, the inmate "will be excused from having to exhaust the grievance process as a prerequisite to suing in federal court . . . ." *Kervin v. Barnes*, 787 F.3d 833, 835 (7th Cir. 2015) (citations omitted). "But the inadequacies of the grievance procedure itself, as distinct from its consequences, cannot form the basis for a constitutional claim." *Id.* (citations omitted).

Finally, Flores fails to state a claim against the Washington County Jail, the City of West Bend, and Washington County Sheriff Martin Schulteis. Although Flores names them in the caption of his complaint, he includes no allegations about what they allegedly did or did not do to violate his rights. Section 1983 requires that an individual be personally involved in the alleged constitutional violation. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). This means that a plaintiff must include allegations that connect the person or entity he is suing to the alleged misconduct. *Id.* Flores is also reminded that "*respondeat superior* is not a basis for rendering municipalities [or supervisors] liable under §1983 for the constitutional torts of their employees." *Shields v. Ill. Dep't of Corr.*, 746 F.3d 786, 790 (7th Cir. 2014)

5

Case 2:24-cv-00866-BHL     Filed 08/30/24     Page 5 of 9     Document 9

# MOTION TO APPOINT COUNSEL

Flores also filed a motion to appoint counsel because he "doesn't speak fluent English or write fluent English." In a civil case, the Court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)). Accordingly, in exercising its discretion, the Court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)).

Flores has failed to satisfy the first prong, so the Court will deny his motion. In this district, a plaintiff may satisfy the first prong by showing that he contacted at least three lawyers and by providing the Court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact them; and (4) the lawyers' responses, if available. Further, even if Flores had satisfied the first prong, the Court would have denied his motion at this stage of the case. Although Flores represents that he is not fluent in English, his complaint and the documents he attached in support of his complaint were well written and easy to understand. In addition, his claim is straightforward and will largely turn on his recollection of what happened, which as evidenced by the complaint, he is able to adequately communicate. If challenges arise that Flores believes he is

6

unable to handle on his own, he may renew his request. If he does so, he should be specific about the challenges he faces and what efforts he has made to overcome them.

**IT IS THEREFORE ORDERED** that Flores' motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Flores' motion to appoint counsel (Dkt. No. 3) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Flores fails to state a claim against the Washington County Jail, the City of West Bend, Martin R. Schulteis, and all the John and Jane Doe defendants *except* for John Doe Officer #249, so the clerk's office is directed to terminate them from this action.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon CO Huber, CO Camacho, CO Treltsal, and CO Ludwig pursuant to Federal Rule of Civil Procedure 4. Flores is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that CO Huber, CO Camacho, CO Treltsal, and CO Ludwig shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Flores is located.

**IT IS FURTHER ORDERED** that the agency having custody of Flores shall collect from his institution trust account the $341.65 balance of the filing fee by collecting monthly payments from Flores's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Flores is transferred to another institution, the transferring institution shall forward a copy of this Order along with Flores' remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Flores is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on August 30, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

9

Case 2:24-cv-00866-BHL   Filed 08/30/24   Page 9 of 9   Document 9