UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIEL FLORES,

    Plaintiff,

  v.                                      Case No. 24-cv-0866-bhl

CO HUBER, et al.,

    Defendants.

## DECISION AND ORDER

    Plaintiff Daniel Flores, who is currently serving a state prison sentence at Kettle Moraine Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated while he was a pretrial detainee at the Washington County Jail. He is proceeding on claims under the Fourteenth Amendment based on allegations that Defendants used unreasonable force against him. On October 28, 2024, Flores filed his second motion to appoint counsel. He again highlights that he cannot speak or write fluent English, and he asserts that he has limited access to the law library and no legal knowledge or litigation experience. Flores also filed a motion for injunctive relief asking that the Court order physical therapy, an MRI of his shoulder, and a referral to an orthopedic surgeon, if warranted.

    The Court will deny Flores' second motion to appoint counsel for many of the same reasons it denied his first motion to appoint counsel. As already explained, in a civil case, the Court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). In exercising its discretion, the Court must consider two things:

"(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)).

Flores has again failed to satisfy the first prong. As the Court previously explained, in this district, a plaintiff may satisfy the first prong by showing that he contacted at least three lawyers and by providing the Court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact them; and (4) the lawyers' responses, if available. Nowhere in Flores' motion, brief in support, or supporting declaration does he suggest that he has made any effort to obtain counsel. Accordingly, the Court will deny his motion.

Further, even if Flores had satisfied the first prong, the Court would deny his motion at this stage of the case. Although Flores represents that he is not *fluent* in English, he has managed to file a complaint and several motions with the help of other inmates. This suggests that, despite his lack of fluency, he is able to communicate with opposing counsel and the Court. If his circumstances change, he may alert the Court to new challenges that he faces. Further, as noted, Flores' claim will turn on his memory of what happened, which he can present to the Court in the form of an unsworn declaration. And, contrary to Flores' representations, he is not proceeding on medical care claims, as those claims were dismissed at screening. Finally, once Defendants are served and have an opportunity to respond to the complaint, the Court will set deadlines for the completion of discovery and the filing of dispositive motions. During discovery, Flores can gather information from Defendants that he believes he needs to prove his claims. In the meantime, Flores is encouraged to be patient and to review the guide the Court sent along with the screening order. This guide contains a lot of information, including a glossary of terms, that Flores may find

helpful. If *new* challenges arise that Flores believes he is unable to handle on his own or with the help of other inmates, he may renew his request *after* he makes reasonable efforts to obtain counsel. If he does so, he should be specific about the challenges he faces and what efforts he has made to overcome them. As a reminder, Flores may not serve discovery requests until *after* the Defendants have an opportunity to respond to his complaint and *after* the Court enters a scheduling order. Defendants are under no obligation to respond to discovery requests served before the Court opens discovery.

Finally, the Court will deny Flores' motion for injunctive relief. Flores is no longer incarcerated at the jail, so none of the Defendants can provide the relief he seeks. *Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (concluding that a request for injunctive relief was moot because plaintiff was transferred to a different facility and failed to allege "a realistic possibility that he will again be incarcerated in the same state facility and therefore be subject to the actions of which he complains"); *Ortiz v. Downey*, 561 F.3d 664, 668 (7th Cir. 2009). To the extent Flores believes he is receiving inadequate medical care at his current institution, he may raise such a claim in a separate case, for which he must pay a separate filing fee.

**IT IS THEREFORE ORDERED** that Flores' second motion to appoint counsel (Dkt. No. 13) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Flores' motion for injunctive relief (Dkt. No. 16) is **DENIED** as moot.

Dated at Milwaukee, Wisconsin on November 1, 2024.

s/ *Brett H. Ludwig*<br>
BRETT H. LUDWIG<br>
United States District Judge