UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DANIEL FLORES,

        Plaintiff,

   v.                                          Case No. 24-cv-0866-bhl

CO HUBER et al.,

        Defendants.

---

## DECISION AND ORDER

---

Plaintiff Daniel Flores is currently serving a state prison sentence at the Kettle Moraine Correctional Institution and representing himself in this civil rights lawsuit. On February 17, 2025, Defendants filed a summary judgment motion on the ground that Flores failed to exhaust his administrative remedies. The Court recently extended Flores' deadline to respond to the motion to April 18, 2025. *See* Dkt. No. 39. The day after the Court extended the response deadline, Flores filed a motion for injunctive relief. Dkt. No. 48. He asks the Court to order his institution to approve his legal loan, make copies for him, and give him manilla envelopes so he can timely respond to Defendants' motion.

The Court will deny Flores' motion because prisoner plaintiffs do not have a constitutional entitlement to subsidies to assist them in prosecuting their lawsuits. *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 528 (7th Cir. 2002)). Like all civil litigants, a prisoner must decide which of his legal actions are important enough for him to fund, and he must be careful to budget his limited resources. *Id*. According to the trust account statement Flores filed when he initiated this action, he regularly makes sizable canteen purchases,

suggesting he has the ability to pay for copies, paper, and envelopes if he so desires. Flores cannot demand that the State cover the cost of his litigation expenses just because he would rather not cover them himself.

Further, the Court of Appeals for the Seventh Circuit has advised that, to the extent an institution offers legal loans to inmates, that is "a matter strictly between [a prisoner] and Wisconsin, and not any business of the federal courts." *Lindell*, 352 F.3d at 1111. It is not clear from Flores' motion if he has complied with the procedures for requesting a loan, and, if he has, what reasons the State has offered for the delay in approving his request. But "[t]he court cannot override state policy and procedures on such matters." *McCalla v. Thompson*, Case No. 18-cv-1895, 2019 WL 3220551, *2 (E.D. Wis. July 17, 2019).

**IT IS THEREFORE ORDERED** that Flores' motion for injunctive relief (Dkt. No. 48) is **DENIED**.

Dated at Milwaukee, Wisconsin on March 31, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge