UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DANIEL FLORES,

                        Plaintiff,

   v.                                                                                Case No. 24-cv-0866-bhl

CO HUBER et al.,

                        Defendants.

---

## DECISION AND ORDER

---

Plaintiff Daniel Flores, who is incarcerated at the Kettle Moraine Correctional Institution, is representing himself in this 42 U.S.C. §1983 case. Flores is proceeding on a Fourteenth Amendment claim based on allegations that Defendants CO Huber, CO Ludwig, and CO Trevisan used objectively unreasonable force against him. Dkt. No. 9. On February 17, 2025, Defendants filed a motion for summary judgment on the ground that Flores failed to exhaust his available administrative remedies. Dkt. No. 39. For the reasons explained below, the Court will grant Defendants' motion and will dismiss this case.

### BACKGROUND

At the relevant time, Flores was incarcerated at the Washington County Jail as a pretrial detainee. Defendants worked at the jail as corrections officers. The jail has policies and procedures for inmates to file grievances, and those procedures are provided to all inmates in the inmate handbook. The handbook states: "At times during your incarceration you may have a basis for a complaint that deals with personal health and welfare or operations and services of the facility, NOT to dispute Jail rules . . . . The grievance shall list 1) Your issue with a short but to

the point description of it, 2) How you tried to resolve your issue with staff first, 3) How the issue has affected you, 4) What you are hoping to be done to resolve the issue. The properly filled out form will be forwarded to the Shift Sergeant for review." The handbook further instructs: "The Sergeant's decision may be appealed to the Lieutenant, if there is sufficient reason to do so . . . . The initial appeal decision can be further appealed to the Jail Administrator if there is sufficient reason to do so . . . . The Jail Administrator's response will be considered the final step in the grievance procedure and will exhaust your options at this facility." Dkt. No. 41 at ¶¶1-5; Dkt. No. 51 at 2-3.

On December 28, 2023, Flores filed two grievances relevant to the issues in this lawsuit. His first grievance complains that he had not received ice cubes for an injury he suffered on August 24, 2023. His second grievance complains that "medical" had not made a deep investigation of his injuries. Both grievances were denied. Neither grievance mentions anything about any corrections officer using excessive force against him.

In denying the second grievance, the sergeant noted that Flores had admitted to receiving some medical care and had refused medication. According to Defendants, Flores did not appeal the denials of either of his grievances. Flores, however, asserts that he appealed both grievances.[1] Dkt. No. 42-3 at 1-4; Dkt. No. 54-1 at 2-5; Dkt. No. 51 at 5-6.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must view the evidence

---

[1] Flores' responses to Defendants' proposed statements of fact are not made under penalty of perjury. *See* Dkt. No. 51. He does, however, offer substantially similar statements in an unsworn declaration under penalty of perjury that he filed in support of his own motion for summary judgment. *See* Dkt. No. 54 at 11. Because Flores is *pro se* and appears to have been confused about the procedural requirements for responding to Defendants' motion, the Court will consider the statements in Flores' declaration as well as the documents he filed in support of his motion.

and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

**ANALYSIS**

The Prison Litigation Reform Act, which applies to this case because Flores was a prisoner when he filed his complaint, provides that an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). The Seventh Circuit has explained that the "primary purpose of the exhaustion doctrine [is to] alert[] the prison officials to the existence of the problem and afford[] an opportunity to repair the injury." *Lockett v. Bonson*, 937 F.3d 1016, 1027 (7th Cir. 2019). While a prisoner "need not lay out the facts, articulate legal theories, or demand particular relief," *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002), he must "provide[] notice to the prison of the nature of the wrong for which redress is sought," *Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) (citations omitted).

Defendants are entitled to summary judgment because Flores failed to alert the jail to his concerns about the force Defendants allegedly used against him. Flores asserts that he filed two

grievances relevant to his claims. Both grievances concerned alleged deficiencies in the medical care he received for a shoulder injury. The first grievance complained that medical staff did not provide him with ice, and the second grievance complained that medical staff did not adequately investigate the nature and extent of his injury. Neither grievance references anyone other than medical staff, and neither grievance references the use of force or the actions that gave rise to the injury discussed in the grievances. Accordingly, neither grievance provided the jail with notice of the wrong at issue in this lawsuit or the opportunity to address it. Defendants are therefore entitled to summary judgment.[2] Because the case must be dismissed based on Flores' failure to exhaust the administrative remedies, the Court will deny the other pending motions as moot.

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment on exhaustion grounds (Dkt. No. 39) is **GRANTED** and this case is **DISMISSED without prejudice**. The clerk of court is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that Flores' motion for injunctive relief (Dkt. No. 50), Flores' motion for an extension of time (Dkt. No. 50), Flores' motion for summary judgment (Dkt. No. 52), and Defendants' motion to strike Flores' motion for summary judgment (Dkt. No. 55) are **DENIED as moot**.

Dated at Milwaukee, Wisconsin on May 8, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

[2] Flores explains why he filed his grievances months after the incident and generically asserts that he fully exhausted by appealing the denials of his grievances. He also spends significant time arguing the merits of his claims. None of his arguments are relevant to the Court's exhaustion analysis.

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.